In the matter of the Probate of the Will of FANNIE MOUSSEAU.

February 6, 1883.

**Probate of Will—Guardian Ad Litem.**—As respects proceedings to probate a will, no appointment of a guardian *ad litem* for any minor interested in testator's estate is necessary.

**Same—Probate cannot be set aside or will reproved, because of failure to appoint Guardian.**—When a will has been regularly admitted to probate by the judgment of the proper probate court, such court has no jurisdiction to entertain proceedings to set aside and declare void the probate upon the ground that the same was adjudged without the appointment of a guardian *ad litem* for a minor interested in the testator's estate, or to adjudge a re-probate of the will upon a like ground; and such proceedings, if entertained, and such re-probate, are void.

Appeal by Minnie Mousseau, contestant in this matter, from an order of the district court for Hennepin county, *Shaw*, J., presiding, and *Young* and *Lochren*, JJ., concurring, dismissing an appeal from the probate court for the same county. The case is stated in the opinion.

*P. M. Babcock* and *F. F. Davis*, for appellant.

The first probate of the will of Fannie Mousseau was defective and void, because no guardian *ad litem* was appointed for Minnie Mousseau. It was not a valid judgment against her. *Penniman's Will*, 20 Minn. 220, (245;) *Brook* v. *Chappell*, 34 Wis. 405; *Ruth* v. *Oberbrunner*, 40 Wis. 238; *Odell* v. *Rogers*, 44 Wis. 136; *Taff* v. *Hosmer*, 14 Mich. 249; *Mockey* v. *Grey*, 2 John. 192; *Arnold* v. *Sandford*, 14 John. 417; 1 Barbour, Ch. Prac., Bk. 1, *c*. 3, § 6.

*C. M. Pond*, *W. E. Hale* and *F. Hooker*, for respondents.

BERRY, J. As respects proceedings for the probate of a will, our statute provides for notice, either by newspaper publication or by personal service on all parties interested, at the discretion of the judge of probate. Gen. St. 1878, *c*. 47, § 14. No provision is made for or in reference to the appointment of a guardian *ad litem* for any minor interested in the estate. It follows that, as respects the mat-

ter of notice, the newspaper publication or personal service (as the case may be) gives the probate court complete jurisdiction to proceed in the premises. As with regard to the estates of decedents in general, so in reference to the entire procedure for their administration, the authority of the legislature to legislate prospectively is absolute, except as constitutionally limited, (*Streeter* v. *Wilkinson*, 24 Minn. 288; *Guerin* v. *Moore*, 25 Minn. 462,) and hence the subject of notice of proceedings in the probate court in reference to such estates and procedure, and of preliminaries to notice, is subject at least to the statutory regulations in force when a particular right or interest in a particular decedent's estate accrued. No appointment of a guardian *ad litem*, as respects the proceedings to admit a will to probate, being required by statute, none is necessary, and a probate in other respects regular is valid as to all the world without any such appointment. It follows that, in the case before us, the probate (May 13, 1878) of the will of Fannie Mousseau, to which no objection is taken, except for the non-appointment of a guardian for the minor heir, Minnie Mousseau, is valid and effectual for all purposes.

Notwithstanding the valid probate, one Harrison, who had purchased of her devisee under the will land of which Fannie Mousseau died seized, entertaining doubts as to the validity of the probate, filed a petition in the probate court, setting up his purchase, and alleging that, by reason of the non-appointment of a guardian *ad litem*, the probate court never acquired any jurisdiction over said Minnie, and therefore the probate was as to her invalid. The petition accordingly prayed for a re-probate, and thereupon a guardian *ad litem* was appointed, a citation issued to him, and notice given by publication of a hearing. Subsequently, the guardian filed a petition in the probate court, setting forth the probate, and the non-appointment of a guardian prior thereto, and prayed that the probate be declared void as to Minnie Mousseau. Upon this latter petition a hearing was had, and the probate set aside and declared void as to said Minnie. Afterwards came on the hearing upon Harrison's petition, when such proceedings were had that, by the order and judgment of the probate court, the will was for the second time admitted to probate. From this judgment Minnie Mousseau appealed to the

district court, and, her appeal having been there dismissed, she appeals to this court from the order of dismissal.

The substantial ground of the dismissal was that the first probate, having been adjudged by a court possessing jurisdiction of the proceeding before it, and of its subject-matter, and not having been appealed from, was final and conclusive, and that the subsequent proceedings in adjudging the probate null and void, and in re-probating the will, were void for want of jurisdiction in the probate court of their subject-matter.

This ground is, in our opinion, well taken. As we have before stated, the first probate was valid as to all the world. It might be set aside upon appeal, or, under Gen. St. 1878, c. 49, § 13, subd. 6, vacated by the probate court, if "procured by fraud, misrepresentation, or through surprise, or excusable inadvertence or neglect." But certainly the probate court possessed no authority to set it aside, as it assumed to do, for the non-appointment of a guardian *ad litem* for an infant heir, because that fact could not under any circumstances be a legal ground for so doing. This want of authority appears upon the face of the petitions and subsequent proceedings. The petitions presented no case to the probate court—no facts tending to make a case for the exercise of any lawful jurisdiction. In other words, the petitions show upon their faces that the probate court had no jurisdiction whatever in the premises except to dismiss. The inevitable consequence is that both the judgment annulling the first probate, and the second probate, are absolutely and entirely void.

In *Davis* v. *Hudson*, 29 Minn. 27, we held that our probate courts are courts of record and of superior jurisdiction, and that their proceedings, as a general rule, are entitled to the same presumptions of jurisdiction as the proceedings of courts of superior common-law jurisdiction. But, whatever may be the rank or dignity of a court, when it appears upon the face of a given proceeding that it has acted where it had no authority to act, the unauthorized action is necessarily void. It not only *is* void, but it *purports* to be void. It is *felo de se.* These propositions appear to be self-evident. They are equivalent to the proposition that that is void which appears to be void. They

necessarily follow from the stereotyped proposition that "nothing is intended to be out of the jurisdiction of superior courts except that which specially appears to be so." However, we cite a few authorities: "The power to hear and determine a cause is jurisdiction. It is *coram judice* whenever a case is presented which brings this power into action. If the petitioner states such a case in his petition that, on a demurrer, the court would render judgment in his favor, it is an undoubted case of jurisdiction." *U. S.* v. *Arredondo,* 6 Pet. 691, 709. "If judicial tribunals proceed to act in cases to which their authority does not extend, their proceedings are merely and absolutely void." *Eaton* v. *Badger,* 33 N. H. 228, 237. "If the subject-matter [of a proceeding] is necessarily beyond the authority of the tribunal, the defect will appear on the face of the proceedings, and they cannot be relied on as a defence or cause of action." 1 Smith, Lead. Cas. (7th Am. Ed.) *827. "The presumption in favor of the jurisdiction of superior courts necessarily ceases when the proceedings themselves negative the existence of jurisdiction." Id. *843. "No tribunal of justice can possibly presume * * * proceedings to be right, when, on the face of them, they are evidently wrong." *Messinger* v. *Kintner,* 4 Bin. 97, 105; *Lessee of Hickey* v. *Stewart,* 3 How. 750. If a court "act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void:" *Elliott* v. *Peirsol,* 1 Pet. 328; *Ponce* v. *Underwood,* 55 Ga. 601; *Bradley* v. *Fisher,* 13 Wall. 335; *Bigelow* v. *Forrest,* 9 Wall. 339; *Windsor* v. *McVeigh,* 93 U. S. 274, 282. "It is not denied that presumption is liberally indulged in support of the jurisdiction of a superior court of general powers; but, even as to such a court, there is no place for presumption when the want of jurisdiction appears affirmatively on the face of its proceedings. In such case its judgments and decrees are of no greater force than those of inferior courts of limited jurisdiction, acting beyond the scope of their powers." *Wade* v. *Hancock,* (Virginia court of appeals,) 14 Reporter, 672; *In re Pierce,* 44 Wis. 411, 454, (opinion of Ryan, C. J.;) *Erie Ry. Co.* v. *Ramsey,* 45 N. Y. 637; *White* v. *Spaulding,* (Mich.) 14 N. W. Rep. 684.

It is important to bear in mind that the proceedings upon the pe-

titions of Harrison and the guardian *ad litem* are not proceedings in a pending proceeding of which the probate court had jurisdiction; that is to say, they are not mere errors committed in the course of the exercise of a lawful jurisdiction. When these petitions were presented, the probate of the will had been completed, and as to that the court was *functus officio*, except as it might set the probate aside upon the grounds specified in Gen. St. 1878, c. 49, § 13, as before stated. The petitions were applications for new and original proceedings which the probate court had no authority whatever to entertain. *Fisk* v. *Norrel*, 9 Tex. 13; *Griffith* v. *Frazier*, 8 Cranch, 9. Upon these grounds we are of opinion that the district court was entirely right in holding the proceedings upon both petitions to be void, and in accordingly dismissing the appeal.

Order affirmed.