HENRY E. LADD v. ROSA WEISKOPF and Others.[1]

July 10, 1895.

Nos. 8906—(7).

**Decree of Distribution—Construction.**

A decree of distribution by the probate court construed as assigning the entire estate in the property of the deceased to the persons therein named, to wit, a life estate to the widow and a vested remainder to seven others, share and share alike.

[1] Reported in 64 N. W. 99.

| | |
|---|---|
| 62 | 29 |
| 63 | 517 |
| 62 | 29 |
| 72 | 36 |
| 62 | 29 |
| 75 | 324 |
| 62 | 29 |
| 84 | 294 |
| 62 | 29 |
| 85 | 334 |
| 62 | 29 |
| 86 | 147 |

#### Same—Conclusiveness—Persons not in being.

A decree of a probate court, having jurisdiction, assigning the residue of the estate of the deceased person is conclusive upon all persons interested in the estate, whether then in being or not. It is in the nature of a judgment in rem, which binds all the world.

#### Marketable Title—Doubtful Question of Law.

Where the contract between vendor and vendee calls for "good" title, the vendee is entitled to a title that is "marketable" as well as good in fact. He is not bound to accept a title which is so doubtful as to be unmarketable, and the rule is the same whether the action is one brought by the vendor to compel specific performance or by the vendee to recover back his earnest money. But a title is not unmarketable, within the meaning of this rule, where no question of fact is involved, but only one of law, arising exclusively upon the construction of a record muniment of title, and all parties in interest are before the court, so that its decision will be a final determination of the matter. Hence a doubt as to the construction of a decree of distribution by a probate court, which is conclusive upon all parties interested in the estate, will not render a title unmarketable within the meaning of the rule.

Action in the district court for Hennepin county to recover $500 paid as earnest money upon a contract of sale. By the contract defendants agreed to sell certain lands to plaintiff, and it was mutually agreed thereby that if the title was not good and could not be made good within sixty days, the agreement should, at the election of defendants, be terminated and annulled and the sum of $500, paid by plaintiff on the delivery of the contract, should be refunded, but if the title was or could be made good, and plaintiff refused to accept it, the $500 should be forfeited; and the parties bound themselves for the faithful performance of the contract in the sum of $250, liquidated damages to be paid by the party failing. Defendants in their answer sought to recover said sum of $250, as a counterclaim. Prior to the date of the decree of distribution referred to in the opinion, Harry Weiskopf, one of the distributees named in the decree, and wife, executed to Georgina Weiskopf, one of defendants, a deed whereby they granted, bargained and sold, released and quitclaimed all their right, title and interest, present and future, in the land in controversy, the deed containing covenants that the grantors had not made or suffered incumbrances, and that they would warrant and defend the title to the premises against all persons lawfully claiming the same from or under them or either of them. The other

facts are stated in the opinion. The case was tried without a jury, and the court, Russell, J., found in favor of defendants and ordered judgment in their favor for $250. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*A. B. Jackson*, for appellant.

The decree of distribution is not binding upon devisees under the will not in being when the decree was entered. Dale v. Rosevelt, 1 Paige, 35; Osgood v. Manhattan Co., 3 Cow. 612; Mason's Devisees v. Peter's Admrs., 1 Munf. 437; Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704; Monarque v. Monarque, 80 N. Y. 320; Davis v. Hudson, 29 Minn. 27, 11 N. W. 136; Ruth v. Oberbrunner, 40 Wis. 238, 267–272; Bresee v. Stiles, 22 Wis. 120; Black, Judgments, §§ 560, 638, 643; Brigham v. Fayerweather, 140 Mass. 411, 5 N. E. 265; Moore v. Appleby, 108 N. Y. 237, 15 N. E. 377; Methodist Episcopal Church Home v. Thompson, 108 N. Y. 618, 15 N. E. 193; Harris v. Strodl, 132 N. Y. 392, 30 N. E. 962. A finding of fact is not a final adjudication. Child v. Morgan, 51 Minn. 116, 52 N. W. 1127. A probate court has no jurisdiction to reform a will. Sherwood v. Sherwood, 45 Wis. 357; Christman v. Colbert, 33 Minn. 509, 24 N. W. 301. A quitclaim deed by one of the devisees to one of defendants before the decree of distribution could carry only his contingent remainder under the will. Hope v. Stone, 10 Minn. 114 (141); Johnson v. Robinson, 20 Minn. 169 (189); Marshall v. Roberts, 18 Minn. 365 (405). The title was doubtful and not marketable, and hence the purchaser ought not to be required to take it. Moore v. Appleby, supra; Methodist Episcopal Church Home v. Thompson, supra. The action is brought in proper form. 15 Am. & Eng. Enc. Law, 640, et seq.; 2 Pomeroy, Eq. § 849; Champlin v. Laytin, 1 Edw. Ch. 467; Boas v. Farrington, 85 Cal. 535, 24 Pac. 787.

*Shaw & Cray*, for respondents.

The decree of distribution is conclusive, and cannot be attacked collaterally. Davis v. Hudson, 29 Minn. 27, 11 N. W. 136; State v. Ueland, 30 Minn. 277, 15 N. W. 245; Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945. See, also, Wood v. Myrick, 16 Minn. 447 (494); Dayton v. Mintzer, 22 Minn. 393; Huntsman v. Hooper, 32 Minn. 163, 20 N. W. 127; Mousseau's Will, 30 Minn. 202, 14 N. W. 887; Balch v.

Hooper, 32 Minn. 158, 20 N. W. 124; Miller v. Caragher, 35 Hun, 485; Thompson v. Myrick, 24 Minn. 4; Ames v. Slater, 27 Minn. 70, 75, 6 N. W. 418; Allis v. Davidson, 23 Minn. 442. In an action to recover money, plaintiff cannot invoke the equitable doctrine relating to suits for specific performance of contracts to sell or purchase land. Romilly v. James, 6 Taunt. 263; O'Reilly v. King, 28 How. Pr. 408.

MITCHELL, J. The question in this case is whether the title tendered by defendants to plaintiff was good. The facts are these:

One Leopold Weiskopf died testate, and seised of certain real estate, including the tracts here involved. The material provisions of his will are as follows: (1) "I give, devise, and bequeath to my devoted wife, Rosa Weiskopf, for and during the remainder of her natural life, all those certain lands and real estate, situate in said county of Hennepin and state of Minnesota, described as follows:" [Here follow descriptions of property, which include all the tracts in question except lot 12, block 5, Hancock & Rice's addition to Minneapolis.] "And it is my will that from and after the death of my said wife, Rosa, and I hereby direct, give, devise, and bequeath upon her decease all the above-mentioned real and personal property unto our beloved children Harry Weiskopf, David Weiskopf, Samuel Weiskopf, Bertha Weiskopf, Anna Markens (formerly Weiskopf), Georgina Weiskopf, and William Weiskopf, or to such of them as shall be living at the time of their said mother Rosa's death, to them, their heirs, executors, administrators, and assigns forever, to be equally divided between them, share and share alike,— the child or children of any deceased of our said children, should any be deceased at said time, to represent his or her parent, and to be entitled to take and receive the same shares therein as their, his or her respective parent or parents would be entitled to, if then living. * * * (6) I give, devise, and bequeath all the rest, residue, and remainder of my estate, of whatsoever kind or sort and wheresoever situated, not hereinbefore given and disposed of, unto my said children, to wit, Harry, David, Bertha, Samuel, Anna, Georgina, and William, their heirs, executors, administrators, and assigns to and for them, respectively share and share alike, and to and for their respective use absolutely and forever."

The will was duly proved. After payment of all claims against the

estate, expenses of administration, and all specific and general lega-
cies, the probate court, upon application of the executors, and upon
due notice, made a decree of distribution of the residue of the
estate in and by which, after finding that the real estate in ques-
tion (specifically describing it) remained in the hands of the execu-
tors for distribution, it further found, determined, and decreed
"that by his said last will and testament, testator devised the
above-described parcels   *   *   *   to Rosa Weiskopf for life, and
the remainder therein and all said other described real estate he
devised to his children, Harry Weiskopf, David Weiskopf, Bertha
Weiskopf, Samuel Weiskopf, Anna Markens, Georgina or Georgiana
Weiskopf and William Weiskopf, share and share alike.  As con-
clusions of law, the court finds that said devises are all valid and
operative, and that the said devisees are entitled to said real es-
tate according to the terms of said will.  On motion of Messrs.
Shaw & Cray, attorneys for said petitioners, it is ordered, adjudged
and decreed: that the above-described real estate be, and the same
hereby is, assigned to the said devisees, according to the terms and
provisions of the said last will and testament of the deceased."  This
decree was rendered in 1886, and remains in full force, and has
never been appealed from.  Rosa, the widow of the testator, and all
of his seven children named in the will, are still living, and it is
their title, or title derived from them, which was tendered to
plaintiff.

Defendants' contentions are (1) that this decree of distribution
adjudges that the devisees named, to wit, the widow and seven chil-
dren, were entitled to the property, and that it assigned the whole
estate in the lands to them, and that such decree of distribution is
conclusive and binding upon the whole world; (2) but, even if the
decree is not conclusive, and the question of the construction of the
will is still an open one, then upon the face of the will it devises a
life estate in the lands to the widow, Rosa, and a vested remainder
to the seven children named, share and share alike.  On the other
hand, plaintiff's contentions are: (1) That the remainder-men under
the will are not the seven children named, but such of them, and
the children of any of them that have deceased, as may survive the
widow; and that the children, if any, of the deceased children will
take by virtue of the will, and not by inheritance from their de-

v. 62 m.—3

ceased parents; hence, until the death of the widow, it will be impossible to determine who these remainder-men are. (2) That the decree of the probate court does not purport to assign the whole estate in the land to the devisees named, but merely assigns it to them according to the terms and provisions of the will, so that we are referred back to the will to ascertain how the property is devised. (3) But that, even if the decree did assume to assign the entire estate in the land to the devisees named, it would not be binding upon the unborn issue of deceased children, if any, who might be living at the death of the widow, and who would take as remainder-men under the will. (4) That even if the title was in fact good, it was not marketable.

Under the view we take of the case, it becomes unnecessary to consider what would be the proper construction of the will as an original question, for the reason that we are of opinion that the decree of the probate court must be construed as assigning the entire estate in the lands to the devisees named, and that, whether this was in accordance with the correct construction of the will or not, it is conclusive and binding upon "all parties interested in the estate of the deceased," whether in being at the time or not.

The argument of counsel for plaintiff is that the only operative adjudication is the last clause, whereby it is ordered that the real estate be and hereby is assigned "to the said devisees, according to the terms and provisions of said last will and testament of the deceased"; that this does not attempt to define the nature or extent of the estate assigned, but merely refers back to the terms of the will itself. It seems to us that any such view of the meaning and effect of the decree is untenable. Whenever the jurisdiction of a court is properly invoked it is the duty of the court to exercise that jurisdiction, and render an effective judgment upon the subject-matter brought before it. This must be presumed to have been what the court intended to do in this case. But, if plaintiff's contention is correct, then the decree amounted to an adjudication of nothing. Moreover, if plaintiff's construction of the will is correct, there could be no assignment of the property until the death of the widow, for until that event occurred it could not be determined who a single one of the remainder-men would be. When the jurisdiction of the court was invoked in this instance it became his duty to construe the will,

determine its legal effect, and assign the property in accordance with the terms of the will as thus construed. It seems to us that this is precisely what the court has done in this instance, and that there is no room for reasonable doubt either as to how he construed the will or as to the meaning and effect of the decree of assignment, when all parts of it are taken together.

The court first construed the will as devising a life estate to the widow, Rosa, and the remainder to the seven children named, share and share alike. It then determines that these devises are valid, and that said devisees (the widow and seven children) are entitled to said real estate according to the terms of said will, which must mean as thus construed. The court then orders and adjudges that the above-described real estate (not a part of it, or a contingent remainder, or a vested remainder subject to defeasance, but a vested estate in the whole of it) be, and the same hereby is, assigned to said devisees,—that is, to the widow and all the seven children and not to such of them as should survive their mother, or to the children of such of them as might be then deceased. It is true he then adds, "according to the terms and provisions of said last will," etc.; but, in view of the adjudications which have preceded, this clearly means according to the terms and provisions of the will as thus construed. The fact that this construction is called a finding of fact, instead of a conclusion of law, or that it is not preceded by the formal words "ordered and decreed," is of no importance. It is a clear and explicit adjudication of the main question presented to him, to wit, who were entitled to the property under the terms of the will. This being determined, all that remained to be done was to assign it accordingly. The statute requires that "in such decree the court shall name the persons and the proportions or parts to which each is entitled." This the court has done, although perhaps not in the most formal manner. Taking the entire decree together, the force and effect of it is to assign a life estate to the widow and the remainder to the seven children named in the will and the decree, share and share alike. See 1 Freeman, Judgm. § 47, and cases cited.

Whether this decree was in accordance with the correct construction of the will or not, it is binding and conclusive upon all persons interested in the estate of the deceased, whether under disability

or not, or whether then in being or not. Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945. Counsel admits the general rule, but insists that it is inapplicable to persons who were not born when the decree was rendered, and who would take, if at all, under the will, and not under or in privity with any person in being at the date of the decree,—that such persons cannot be parties to the proceeding, either in person or by representation, and hence are not bound by it. This argument is based upon a false conception of the nature of the proceedings. Proceedings in the probate court are not an action between party and party, but are in the nature of a proceeding in rem, acting directly on the res, which is the estate of the deceased. If the court had jurisdiction of the estate, and the jurisdiction is properly invoked, of which there is no question in this case, a decree of distribution is a judgment in rem, which conclusively determines the right of all parties interested in the estate just as fully as a decree in admiralty or any other judgment in rem. It is on this ground that it has been held that, as respects proceedings for the probate of wills, or on the administration of the estates of deceased persons, it is not necessary to appoint a guardian for minors interested in the estate. Mousseau's Will, 30 Minn. 202, 14 N. W. 887; Huntsman v. Hooper, 32 Minn. 163, 20 N. W. 127. There is no difference in principle between the case of persons in being who are under disability and persons yet unborn. The logic of counsel's argument would be equally applicable to any other decree or order of the probate court affecting the estate of the testator, as, for example, admitting his will to probate; and the result would be that nothing could ever be conclusively determined as to the estate of a deceased person, for often it could not be positively assured that some person might not afterwards come into being who would be interested in the estate.

One of the tracts of which the testator died seised, and the title to which is here involved, is lot 12, block 5, in Hancock & Rice's addition to Minneapolis. This is not included in the descriptions contained in the second—the first above quoted—paragraph of the will, but there is included a description of lot 8, block 5, in the same addition; and the probate court, in the decree of distribution, finds that this was a mistake in the will, and that what the testator intended to devise was lot 12. The point is made that a probate court

has no power to reform a will. This matter is wholly immaterial, for the reason that, if lot 12 did not pass under the specific devise in paragraph 2, it did pass to the same parties under the general residuary devise in paragraph 6 of the will.

There is nothing in the point that the deed of Harry Weiskopf (who was not a party to the contract) to his codevisee Georgina Weiskopf did not convey to her all his interest or estate in the premises.

The last point made by plaintiff is that, although the title tendered him may be good in fact, yet it was involved in so much legal doubt as to be unmarketable, and therefore he was not bound to accept it. Although the contract only calls for a good title, yet we have no doubt that he was entitled, not merely to a title good in fact, but to a marketable title. Neither do we assent to the distinction sought to be made by defendants' counsel between an action in equity to compel specific performance and an action at law to recover purchase money or to recover back earnest money. A court refuses to compel specific performance on the ground that the title is unmarketable, not because the granting of such relief is a matter in the discretion of the court, but because the vendee has not been tendered what he is entitled to according to the terms of his contract. And if the title tendered is not what he is entitled to, why should he be compelled to pay for what he is not bound to accept? The rule is the same whether the action is one by the vendor to compel specific performance, or one by him to recover purchase money, or one by the vendee to recover back his earnest money. In each case the question is, was the title marketable? The distinction between actions at law and actions in equity made in Romilly v. James, 6 Taunt. 263, if it ever was good law, is not so now under our judicial system, where all distinctions between courts of equity and courts of law have been done away with. Methodist Episcopal Church Home v. Thompson, 108 N. Y. 618, 15 N. E. 193; Moore v. Williams, 115 N. Y. 586, 22 N. E. 233. Therefore the question, in this action by the vendee to recover back earnest money, is, was the title tendered such that, if an action had been brought by the vendor the court would have decreed specific performance? We are of opinion that it was.

The validity of the title did not depend upon matters of fact not of record. The title rested wholly upon record evidence. Hence the doubt, if any, was one purely of law, as to the construction and effect of these records. If the insufficiency of the title had depended upon the construction of the will, it would have been unquestionably doubtful and unmarketable. But it wholly depended upon the effect of the decree of distribution. The mere fact that laymen, or even some lawyers, may have had some doubt as to the conclusiveness of the decrees of the probate court upon persons not in being who may be interested in the estate of a deceased person, was not such a doubt as to render the title unmarketable in any legal sense, or constitute any ground for a court refusing specific performance. The only possible legal doubt worthy of consideration is as to the sufficiency of the decree of distribution, in form and substance, to constitute an assignment of the whole estate in the property to the devisees named. Generally, where courts have refused to compel specific performance on the ground of doubt on a question of law arising upon the construction or legal effect of record muniments of title, it has been where not only was the doubt a grave one, but where there were interested parties not before the court, and consequently not bound by its decision, who might afterwards subject the vendee to vexatious and expensive litigation. Except under such circumstances, the courts have usually construed the records for themselves, and granted or refused specific performance according as they found the title good or bad. A title cannot be considered doubtful where there is no question of fact involved in a decision as to its validity, but one of law only, upon which the court where the controversy is litigated is competent finally to pass. Chesman v. Cummings, 142 Mass. 65, 7 N. E. 13. We think this is such a case.

Order affirmed.