SARAH E. EDDY v. SARAH A. KELLY and Others.

April 22, 1898.

Nos. 11,076—(103).

**Will — Construction — Payment of Legacies a Charge on Property, not on Devisee — Final Decree — Conclusiveness — Garnishment.**

A testator devised to his wife certain real estate, "to be disposed of by her in such a manner as to pay" certain specified legacies. He also bequeathed to her all his personal property, "excepting that out of the property * * * she shall pay, as soon as convenient for her, and * * * within three years after" his decease these legacies. The widow elected to take under the will. Upon the full settlement of the estate the probate court made a decree of distribution, in which, after find-

ing that all the devices and bequests in the will were valid, it assigned the property, real and personal, to the widow, subject to the payment of the legacies. *Held,* that by the construction placed on the will by the probate court, which is conclusive on all parties interested, the legacies were a charge on the property, but not on the person of the widow. (Mitchell, J., concurs in the result on the ground that this is the proper construction of the will itself, and that there is nothing in conflict with it in the decree of distribution.)

Appeal by Mary Kennedy from a judgment for $1,145.36 entered against her as garnishee in the district court for Hennepin county pursuant to the order of Russell, J. Reversed.

*Wright & Matchan,* for appellant.

Under the will of Patrick Kennedy, deceased, the garnishee was a trustee merely, to sell the land and distribute the proceeds in payment of the legacies, and was not personally liable for their payment. In his will the testator did not give the property to the garnishee absolutely with general directions to pay the legacies, but provided a specific manner in which they should be paid, namely, out of the proceeds of the sale of the property, which is utterly inconsistent with an intention on the part of the testator to make the devisee personally liable for their payment. The language of the will has all the attributes of a trust. 27 Am. & Eng. Enc. 35; Haskett v. Alexander, 134 Ind. 543; Greenwood v. Murray, 26 Minn. 259; Nudd v. Powers, 136 Mass. 273. In determining whether a will imposes upon a devisee a personal liability to pay a legacy the court will hold the devisee personally liable only when it clearly appears that such was the intention of the testator. Smith v. Atherton, 54 Hun, 172.

Furthermore under the language of the decree of distribution made by the probate court the legacies are merely made a charge on the property devised to the garnishee, and no personal liability on her part to pay them was created. The decree simply assigns the property "subject to the charge of" the eight legacies. It contains no direction to pay them, nor does it assign the land to the garnishee on condition that she pay them, or on account of, because of, or in respect to, the direction to pay. 13 Am. & Eng. Enc. 126,

72 M.—3

and note 9; Hayes v. Sykes, 120 Ind. 180; Nudd v. Powers, supra; Commons v. Commons, 115 Ind. 162; Smith v. Atherton, supra; 3 Pomeroy, Eq. Jur. § 1246.

*J. L. Dobbin,* for respondent.

The decree of the probate court assigning the estate, whether it was in accordance with the correct construction of the will or not, was conclusive and binding on all persons interested in the estate of the deceased. Ladd v. Weiskopf, 62 Minn. 29, 34; Greenwood v. Murray, 26 Minn. 259; Simpson v. Cook, 24 Minn. 180; State v. Jamison, 69 Minn. 427.

When a legacy is given and directed to be paid by the person to whom the real estate is devised, such real estate is charged with the payment of the legacy. If in such case the devisee accepts the legacy he becomes personally bound to pay it, and can be compelled to pay it by an action at law upon the implied promise to pay. Brown v. Knapp, 79 N. Y. 136; Etter v. Greenawalt, 98 Pa. St. 422; Dodge v. Manning, 1 N. Y. 298; Johnson v. Cornwall, 26 Hun, 499; Eyre's App., 106 Pa. St. 184.

MITCHELL, J.

Patrick Kennedy died testate in August, 1887. The here material provisions of his will are as follows:

"I give, devise, and bequeath to my wife, Mary Kennedy, the balance of said northwest quarter of said section, being eighty acres, more or less, to be disposed of by her in such manner as to pay the legacies hereinafter named in the manner hereinafter prescribed. I also give and bequeath to my said wife all my personal property of every name and nature, excepting that out of the property which I have bequeathed to her, my said wife, she shall pay, as soon as convenient for her after my death, and within the term of three years after my said decease, the sum of $1,000 to each of my sons, John, James, Joseph, and Thomas, and my daughters, Mary, Alice, Sarah, and Margaret, which sum of $1,000 apiece I give and bequeath to each of my last-named eight children."

The will was proven and the estate fully administered, and in September, 1888, the probate court made a decree of distribution, in which, after finding as conclusions of law that the devises and bequests made by the will were valid, and that under the will, the

widow and children were entitled to the respective sums of money and tracts of land in said will described, the court made an order and decree assigning the personal property to Mary Kennedy, the widow, "subject, with the real estate described [devised] to said Mary Kennedy, to the payment of eight legacies of $1,000 each," and also assigning to her the 80 acres of land above referred to, "subject, with the personal property bequeathed to said Mary Kennedy, to the charge of eight legacies of $1,000 each, to be paid within three years after the decease of said Patrick Kennedy to his children [naming the eight], to each of them $1,000."

As there is no evidence that the widow has ever filed in the probate court any writing renouncing and refusing to accept the provision made for her in the will, she must be deemed to have elected to take under the will, and in accordance with its terms and conditions. G. S. 1894, § 4472. She has never sold or disposed of the 80 acres, but is still in possession of it, and receiving the rents and profits. It does not appear what disposition, if any, she has made of the personal property. There is no evidence as to the value of this land, or as to the amount of the rents and profits. The only evidence as to the value of the personal property assigned to the widow is a finding of the probate court in its decree of distribution that it was of the value of $1,917.42.

The plaintiff, after having obtained judgment against Sarah A. Kelly, redundant, one of the children and legatees of the deceased, Patrick Kennedy, garnished the widow; and upon a disclosure of the foregoing facts the court rendered judgment against her for $1,000, with interest from the date when Sarah's legacy was payable under the provisions of the will, which was three years after the decease of the testator. From this judgment the garnishee appealed.

The contentions of the plaintiff in support of the judgment are: First, that the will makes the legacies to the children a charge on the person of the devisee of the land, and therefore, by accepting the devise, she became personally liable for the payment of the legacies; and, second, that this was the construction placed on the will by the probate court in the decree of distribution, and that, whether correct or incorrect, it is conclusive upon all parties inter-

ested in the estate,—citing Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99; State v. Jamison, 69 Minn. 427, 72 N. W. 451.

There is no doubt as to the correctness of the legal proposition that the decree concludes all parties interested as to everything necessarily involved in it, but the conclusion sought to be drawn from that proposition is wholly unwarranted. The decree contains no direction to the devisee to pay the legacies, nor does it assign the property to her on condition that she pay them. It merely assigns the property to her subject to the charge of the legacies. Such language in a will would not have made the legacies a charge on the person of a devisee, and certainly it could not have any greater effect in a decree than it would in a will.

The majority of the court are of the opinion that a decree assigning the property necessarily involved a determination of all the terms and conditions, including the question of personal liability for the legacies, upon which, under the terms of the will, the widow took the property assigned to her; and therefore that the decree is conclusive that she was not personally liable, but merely took the property subject to the charge of the legacies. If the question of her personal liability under the will for the legacies was necessarily involved in the decree of distribution, there can be no doubt of the correctness of the views of my brethren. Not being clear that the question of the personal liability of the widow for the payment of the legacies was either necessarily or properly involved in a decree assigning the property, I prefer to base my conclusion upon the construction of the will itself.

My opinion is that the will makes the legacies a charge on the property, both real and personal, but not on the person of the devisee and residuary legatee. It is undoubtedly true that, where real estate is devised with a naked direction to the devisee to pay a legacy, or upon condition that he pay it, the legacy is a charge on the person of the devisee, and, if he accepts the devise, he is personally liable for its payment. But it is equally well settled that, where the devise is merely subject to the payment of the legacy, the latter is not a charge on the person of the devisee, and the acceptance of the devise does not render him personally liable.

While the language of the will is not artistic, yet it seems to me that upon a fair construction it is clear that the intention of the testator was to make the legacies a charge upon all the property devised or bequeathed to his wife, but not to make them a charge on her person.   His evident intention and expectation was that they should be paid out of the proceeds of the property, but not otherwise.   His language with reference to the land is, "to be dis- posed of by her in such manner as to pay the legacies," and the exception or provision attached to the bequest of the personalty is that "out of the property she shall pay," etc.   Had the widow faith- fully disposed of all the property for the highest prices attainable, and only realized therefrom say $4,000, it would hardly be held that she would be personally liable for $8,000,—the amount of the eight legacies.

Under the will it was undoubtedly her duty to dispose of the property, if possible, or so much of it as was necessary, and apply the proceeds toward paying the legacies; and, if she has wrongfully neglected or refused to do so, the legatees doubtless have their remedy to enforce the charge on the property.   But as, in my opin- ion, the will does not make the legacies a charge on the person of the widow,—which is the sole basis upon which this action rests,— the decision of the court below cannot be sustained.

We are all of opinion that the judgment must be reversed, and it is so ordered.