MARIT H. BENGTSSON and Others v. MARY JOHNSON.

January 23, 1899.

Nos. 11,394—(210).

| 75 | 321 |
| 86 | 147 |

**Construction of Will by Probate Court—Res Judicata.**

> A testator, who left no issue, father or mother, gave by his will $500 to H., to be paid by his wife, but, if not paid within five years, H. was to have the west half of his real estate. If H. was dead, the $500 was to be paid to the testator's nearest relatives. H. was dead. The residue of his estate he gave to his wife. The personal property was insufficient to pay the legacy, and it has never been paid. The probate court, by its decree of distribution, assigned the residue of the estate to the widow without condition or reservation. *Held*, that the construction placed on the will by the probate court by its decree is conclusive on all persons interested in the estate, and that neither the widow nor the real estate so assigned to her is liable for the payment of the legacy.

Action in the district court for Douglas county to recover $500, alleged to have been bequeathed to plaintiffs by the will of said deceased. At the trial both parties moved for judgment on the pleadings. The motion of defendant was granted, Baxter, J. From the judgment entered in favor of defendant, plaintiffs appealed. Affirmed.

*G. J. Lomen*, for appellants.

The defendant as residuary legatee and devisee accepted the provisions of the will and thereby obligated herself to pay the legacy.

75 M.—21

Wright v. Denn, 10 Wheat. 204; Etter v. Greenawalt, 98 Pa. St. 422; Headley v. Renner, 129 Pa. 542. Where legacies are given generally, and this is followed by a residuary devise of the rest and residue of the real estate and personal property as one mass, the legacies are charged upon this residue of the real as well as the personal property. Hutchinson v. Gilbert, 86 Tenn. 464. See Brooks v. Brooks, 65 Ill. App. 326; Hill v. Bean, 86 Me. 200; Stevens v. Fowler, 46 N. J. Eq. 340; Brown v. Knapp, 79 N. Y. 136; Reid v. Corrigan, 143 Ill. 402. The defendant widow is not the nearest relation, as she was to make payment of, and not to receive, the legacy. She could not be one of the next of kin. See Ennis v. Pentz, 3 Bradf. (N. Y. Sur.) 382; Cleaver v. Cleaver, 39 Wis. 96; Esty v. Clark, 101 Mass. 36; Drake v. Gilmore, 52 N. Y. 389; Varrell v. Wendell, 20 N. H. 431.

*H. Jenkins*, for respondent.

No question is raised as to the legality of any of the proceedings of the probate court in the matter of the adjudication of the will of the testator. This decree of distribution was a judgment in rem. Whether in accordance with a correct construction of the will, or not, it is binding and conclusive upon all persons interested in the estate of the deceased, whether under disability or not. Ladd v. Weiskopf, 62 Minn. 29. As the probate court in its final decree of distribution did not charge the respondent, the sole distributee of the estate, personally, or charge the land with any legacy, it is evident that the construction of the will by that court did not warrant such a charge. Such construction is binding unless reversed on appeal from the decree. As the plaintiffs did not appeal, they are precluded from raising the question of the proper construction of the will by the probate court in this action. Eddy v. Kelly, 72 Minn. 32; State v. Jamison, 69 Minn. 427. An intention to charge a legacy upon the land is only inferred, where the personal estate was largely and clearly insufficient for the payment of the legacies given, and the testator must have known and understood that they could not be paid except by the aid of the real estate. Briggs v. Carroll, 117 N. Y. 288; Brill v. Wright, 112 N. Y. 129.

START, C. J.

The trial court in this case ordered judgment on the pleadings for the defendant. It was so entered, from which the plaintiffs appealed.

The facts as disclosed by the pleadings are these: Ole Johnson, of Douglas county, on September 4, 1891, died testate, seised of a quarter section of land situated therein, and designated in his will as his homestead. He left him surviving the defendant, Mary Johnson, his widow, and the plaintiffs, his brother and three sisters. He left no issue, father or mother. His will was duly allowed and probated, and the defendant appointed executor thereof, by the probate court of the proper county. The material provisions of the will were as follows:

"First. I order and direct that my executrix, hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second. After the payment of such funeral expenses and debts, I give, devise and bequeath, 1st, to Sophia Son Halverson, of Bosjo Socken, Jeutland, Sweden, five hundred dollars, to be paid by Mary Johnson, my wife, within five years of my death, at three per cent. per annum. If not paid as stipulated, then the said Sophia Son Halverson is to have the west half of my homestead, Sec. ten, township one hundred thirty, range 36, clear of incumbrance. If the said Sophia Son Halverson cannot be found, or is dead, then the said five hundred dollars is to be paid to my nearest relatives. 2nd. I bequeath to my wife, Mary Johnson, all the remainder of my property, real and personal, after my debts are paid.

"Lastly, I make, constitute, and appoint Mary Johnson, my wife, to be executrix of this, my last will and testament, hereby revoking all former wills by me made."

Sophia Son Halverson died in the lifetime of the testator. After the payment of the debts of the testator and the expenses of the administration, the personal estate was insufficient to pay the legacy of $500, and it has in fact never been paid. The probate court, upon the settlement of the estate, duly made its final decree of distribution, and thereby assigned to the defendant all of the residue of the estate of the testator without any reservation or provision as to the payment of the legacy of $500. Thereafter the plaintiffs, as the nearest relatives of the testator, brought this action to recover from

the defendant the amount of the legacy, and to make it a specific charge upon the real estate so assigned to her.

Do these facts constitute a cause of action in favor of the plaintiffs? We answer the question in the negative. The claim of the plaintiffs is, briefly stated, that the will expressly charged the defendant with the payment of the legacy of $500; that she accepted the will as residuary legatee and devisee, and thereby obligated herself to pay the legacy; and, further, that the taking of the residue of the estate by her was conditional upon the payment by her of the legacy. It is to be noted that the will gave to the widow the residue of the estate after the payment of the debts, which was exactly what she would have been entitled to if there had been no will.

If this was an appeal from the decree of distribution, this court would have jurisdiction to construe the will, and modify the decree, if it was found that the probate court had, by its decree, erroneously construed the will. That court had jurisdiction to construe the will, and did so by its decree. Whether it construed the words "my nearest relatives," found in the will, as including the widow, or whether it was of the opinion that, in case the legacy fell to the nearest relatives, its payment was not a charge on the real estate, or upon what particular construction of the will the court proceeded in making its decree, we need not inquire, for it may be conceded, without so deciding, that any construction of the will consistent with the decree was erroneous.

But the fact remains that the probate court did not, by its final decree, charge the defendant personally, or the real estate assigned, with the payment of the legacy, for the reason that its construction of the will did not warrant such charges. Such construction, as evidenced by the decree, is conclusive, unless reversed or modified on appeal or other direct proceeding. The decree of distribution is a judgment in rem, and, whether it is in accordance with a correct construction of the will or not, it is conclusive upon all persons interested in the estate of the testator. Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; Ladd v. Weiskopf, 62 Minn. 29, 64 N. W. 99.

The decree of distribution in this case necessarily involved a determination by the probate court of the terms and conditions, including the question of the personal liability of the widow, upon

which she took under the will the property assigned to her. Eddy v. Kelly, 72 Minn. 32, 74 N. W. 1020. The decree having assigned the residue of the testator's property to the defendant without reservation or condition, it is conclusive upon the plaintiffs, and neither the defendant nor the property so assigned to her is liable for the payment of the legacy.

Judgment affirmed.

MITCHELL, J. (dissenting).

I am unable to concur in the opinion of the court. I apprehend that there is no doubt, under the authorities, that, according to the correct construction of this will, the devise of the land was subject to the payment of the legacy, and that by accepting the devise the devisee would become personally liable to pay the legacy.

The theory upon which the court proceeds is that by the decree of distribution the probate court has decided otherwise, and that its construction of the will is conclusive, unless reversed or modified on appeal. The probate court did not expressly so decide. If it has so decided, it can only be by implication, because it did not expressly assign the real estate subject to the payment of the legacy, or on condition that the devisee should pay it.

The devisee took under the will. I admit that she took under it as construed by the probate court so far as that construction was necessarily involved in the decree of distribution, and that thus far that construction is conclusive. But it seems to me that the only respect in which the construction of the will was necessarily involved in making the decree of assignment was as to whom, under the terms of the will, should the property be assigned; and, according to the record, that was the only question upon which the probate court passed, and not upon the question of the liability of the defendant under the will for the payment of the legacy in case she accepted the devise. No such issue appears to have been considered or decided,—certainly not directly or expressly,—and, I presume, was never once thought of by the probate judge.

There is always great danger of injustice in applying the doctrine of estoppel by judgment to issues not expressly tendered and litigated on the ground that they were impliedly involved in the judg-

ment. This is particularly true in proceedings in rem, such as the administration of the estates of deceased persons, where many of those interested in the estate, as a rule, have never appeared in court, or been personally served with notice, and where the time for appealing is very brief. The danger of injustice is intensified by the fact that probate orders and decrees are very often made really ex parte, by men not learned in the law.

Of course, this is no reason why all persons interested in the estate should not be bound by such orders and decrees as to all matters necessarily involved in them. But it is a reason why the doctrine of estoppel by judgment should not be extended beyond what is necessary. And I think that sufficient effect will be given to this decree of distribution by holding that it is conclusive merely that defendant was the devisee to whom, according to the terms of the will, the land should be assigned.