### THOMPSON *v.* THOMPSON.

1. Executors and Administrators — Probate Courts — Final Order of Court May Not Be Attacked Collaterally.

An order of the probate court allowing the final account of the executor and assigning the residue of the estate, particularly described therein, to the "devisee and legatee, according to law, and the last will and testament of said deceased," is not subject to collateral attack by a son born three weeks after the execution of his mother's will, who was unprovided for therein.[1]

2. Same—Right to Possession of Real Estate Pending Administration of Estate.

A son born after the making of his mother's will and claiming her estate under the statute (3 Comp. Laws 1897, § 9285) and in hostility to the will, would not be entitled to the possession of the real estate pending the administration by the executor, even if he were the sole heir of his mother, as claimed by him.[2]

3. Descent and Distribution—Rights of Son Born After Execution of Will—Construction of Will Presumed—Conclusiveness.

Where the fact that a son was born after the execution of his mother's will was known to the court, and his right, if any, to participate in her estate under the statute (3 Comp. Laws 1897, § 9285) is dependent upon the determination by the court that no provision is made for him in the will, and that it is not apparent from the will that it was the intention of the testatrix that no provision should be made for him, in view of the fact that it is the duty of the court to protect the rights of all persons interested in the estate, it must be presumed that the rights of the son under said statute were considered by the court before making an order assigning the residue of the estate to the devisee and legatee under the will, and, where not appealed from, said order is conclusive.[3]

[1]Executors and Administrators, 24 C. J. § 2487; [2]Id., 24 C. J. § 603; [3]Id., 24 C. J. §§ 1400, 1402.

4. APPEAL AND ERROR—REVIEW OF JUDGMENT IN PROBATE COURT PURELY STATUTORY.

Proceedings in the probate court are purely statutory, and therefore review of orders made therein may be reviewed only in the manner provided by statute; no constitutional rights being involved.[4]

5. EXECUTORS AND ADMINISTRATORS—ADMINISTRATION OF ESTATE IS A PROCEEDING IN REM.

The administration of an estate is not in the nature of a suit between parties, but is a proceeding *in rem*, acting directly on the *res*, the estate of the deceased.[5]

6. JUDGMENT—ORDERS OF PROBATE COURT FINAL UNLESS APPEALED FROM.

When the probate court has once acquired jurisdiction, it may make all orders necessary to the proper administration of the estate, and the order on final settlement, to make which the will must be construed, and the rights of parties in the estate not disposed of by the will must be determined, is an expression of the judgment of the court, and although it may not be in accordance with the correct construction of the will or applicable statutes, it is binding and conclusive on all persons interested, if the required notice of hearing has been given, and no appeal therefrom taken, or fraud charged.[6]

7. SAME—INFANTS—GUARDIAN AD LITEM—JUDGMENT BINDING ON INFANT.

The law does not require that a guardian *ad litem* shall be appointed for a minor whose interests are affected by the order of the probate court disposing of an estate, but assumes that such interests will be protected by the court, and therefore the judgment of said court is binding on an infant, although no guardian *ad litem* was appointed.[7]

Appeal from Kent; Brown (William B.), J.    Submitted October 30, 1924.    (Docket No. 25.)    Decided December 31, 1924.

Bill by George Thompson against Gerald B. Thompson and others to quiet title to land.    Defendant

[4]Courts, 15 C. J. § 443; [5]Executors and Administrators, 23 C. J. § 27; [6]Id., 24 C. J. § 2482; [7]Id., 24 C. J. § 1364

Gerald B. Thompson filed a cross-bill to establish an interest in said land. From a decree dismissing the bill and granting the prayer of the cross-bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Linsey, Shivel & Smedley,* for plaintiff.

*Jewell, Raymond & Face,* for defendants.

SHARPE, J. Lillie A. Thompson, the former wife of plaintiff, died on July 18, 1900, leaving a last will and testament, executed on June 16, 1900. The defendant Gerald B. Thompson is her son and only child, born on July 7, 1900. The will was admitted to probate. It contained no provision for the defendant. Plaintiff was appointed executor and administered the estate.

At the time the will was made, the following statute was in force:

"When any child shall be born after the making of his father's will, and no provision shall be made therein for him, such child shall have the same share in the estate of the testator as if he had died intestate, and the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child." 3 Comp. Laws 1897, § 9285.

This section was amended by Act No. 80, Pub. Acts 1907 (3 Comp. Laws 1915, § 13790), in that after the word "father's" was inserted "or his mother's." Counsel for plaintiff insist that the amendment clearly indicates that the word "father's" in section 9285 was not intended to include a mother, notwithstanding the provisions of section 64, 1 Comp. Laws 1915, then in force. In view of the conclusion we have reached, we are not called upon to determine this question.

On March 16, 1901, plaintiff filed his final account

as executor. After prayer for its allowance, he asked—

"that an order be made determining the legal heirs of said deceased and assigning the residue of said estate to the persons entitled by law to the same."

The order for hearing was duly published as required by the statute. On April 15, 1901, the day fixed therein, an order was made allowing the final account, and assigning the residue of the estate, particularly described therein, to the plaintiff as "devisee and legatee, according to law, and the last will and testament of said deceased." This order is not subject to attack in a collateral proceeding. *Chapin* v. *Chapin, ante,* 515.

Defendant's counsel insist that the order made is in no way binding upon him, *first,* because he did not take under the will, but under the statute and in hostility to the will, and, *second,* because he was at that time a minor and no guardian *ad litem* or general guardian had been appointed for him. It is counsel's claim that immediately on the death of the testatrix Gerald—

"took the entire estate of his mother as her sole heir the same as he would have done had she died intestate."

That he would not have been entitled to the possession of the real estate in question, pending the administration by the executor, is clearly established by our holding in the *Chapin Case.* In the petition filed by plaintiff for the probate of the will he stated:

"The names, relationship, ages and residences of the devisees, legatees and heirs at law of said deceased are as follows: George Thompson, husband, 39, Walker, Kent Co., Mich.; Gerald Thompson, son, 26 days, Walker, Kent Co., Mich.; Douglas M. Brown, conditional legatee."

229—Mich.—34.

The fact that Gerald had been born after the making of the will was therefore known to the court, and it must be assumed that he had this fact in mind in the after proceedings had before him.    The statute on which counsel for Gerald relies (3 Comp. Laws 1897, § 9285) does not confer any absolute right on a child born after a will is made.    His right to take is dependent, *first*, upon the fact that no provision is made for him in the will, and, *second*, that it is not—

"apparent from the will that it was the intention of the testator that no provision should be made for such child."

Both of these facts must be determined before any title rests in him as an heir.    It begs the question to say that such facts so clearly appear from the will itself that it required no judicial determination to establish them.    The rights of Gerald under the statute applied to the personalty as well as real estate left by the testatrix.    In the hands of the executor both were liable for the payment of the debts if it became necessary to use any part or the whole of the realty for such purpose.

When the order was made admitting the will to probate, the entire estate, whether disposed of by the will or not, became subject to the administration proceedings provided for in the statute.    It was the duty of the court to see to it that the rights of all persons interested in the estate, whether they took under the will or not, were protected.    It was his duty to assign any residue undisposed of by the will to the persons lawfully entitled thereto.    The estate of the deceased was the subject-matter with which he was dealing.    Of this he acquired jurisdiction when the will was admitted to probate, and his jurisdiction over it did not terminate until he had discharged the executor and assigned the residue as provided for in

section 13787, 3 Comp. Laws 1915. It must be assumed that he gave consideration to the statute (§ 9285) and determined the rights of defendant under it. It provides that—

"the share of such child shall be assigned to him as provided by law in case of intestate estates."

Section 9293 (now § 13798) provides for retention by the executor of any property so assigned until the liability of the child entitled thereto to contribute towards the payment of the debts and expenses "shall be settled by order of the probate court." These orders can be made only after a determination by the court of the rights of the infant under the will and the statute, and are conclusive of the rights of those interested unless appealed from or attacked as fraudulent. Any other holding would render the judgments of courts of record subject to review collaterally on a showing that matters necessarily involved were not given due consideration because not urged or specifically passed upon.

At first blush, there would seem to be much injustice in holding that an infant for whom no guardian has been appointed is bound by the order of assignment. Proceedings in the probate court are purely statutory. The legislature has provided the manner in which the estates of decedents shall be disposed of and the procedure to be followed. No constitutional rights are involved. Review of orders made may therefore be had only in the manner provided. *Township of Clarence* v. *Dickinson,* 151 Mich. 270; *Stellwagen* v. *Dingman, ante,* 159. The administration of estates is not in the nature of a suit between parties. It is a proceeding *in rem,* acting directly on the *res,* the estate of the deceased. When the court has once acquired jurisdiction, it may make all orders necessary to the proper administration of the estate. The order on final settlement is the culmination of the entire pro-

cedure. The *corpus* of the estate is affected thereby. To make such order, the will must be construed and the rights of parties in the estate not disposed of by the will must be determined. It is an expression of the judgment of the court as to all matters properly included or necessarily involved therein. It may not be in accordance with the correct construction of the will or of applicable statutes, and yet it must be held to be binding and conclusive on all persons interested, if the notice of hearing required by the statute has been given. The law does not require that a guardian *ad litem* shall be appointed for minors whose interests are affected by the order. Many of the orders so made affect the future or contingent interests of infants. The law assumes that such interests will be protected by the probate judge. An appeal from the order made is provided for, and, in the absence of an appeal or of a charge of fraud, the judgments of the court must stand as a final determination of all rights affected thereby. The legislature has always carefully guarded the right to a free and untrammeled disposition of property. On this the development of the State rests. If the judgment of a probate judge may be attacked twenty years after it is entered by an infant who has then but reached his majority, purchasers cannot rely on titles founded thereon and will have to insist that such titles be quieted before they can safely acquire them. In the late case of *Calhoun* v. *Cracknell*, 202 Mich. 430, it was held that such judgments are binding on infants. The Michigan cases are there collected and discussed. The holding is in accord with the weight of authority.

"A decree of distribution, if properly made after due notice, is in its nature final, and unless set aside for fraud, etc., or appealed from within the time limited by law, it concludes the rights of all parties

interested in the estate, and generally cannot be impeached in a collateral proceeding." 18 Cyc. p. 663.

"The final settlement of an estate in the probate court has the effect of a judgment as to all matters properly included therein or necessarily involved, and whether a decree of distribution is in accordance with the correct construction of the will or not, it is binding and conclusive upon all persons interested in the estate of the deceased, whether under disability or not, or whether then in being or not. Accordingly it has been held that a petition for distribution of an estate before the death or remarriage of the widow, which has been given to her for life, except that in case she remarries the estate shall be divided, giving her a certain share, raises the question of the validity of the provision changing her interest in case of remarriage, and a decision upon that question will be binding on the beneficiaries." 15 R. C. L. p. 998.

"Proceedings in the probate court are not an action between party and party, but are in the nature of a proceeding *in rem,* acting directly on the *res,* which is the estate of the deceased. If the court had jurisdiction of the estate, and the jurisdiction is properly invoked, of which there is no question in this case, a decree of distribution is a judgment *in rem,* which conclusively determines the right of all parties interested in the estate just as fully as a decree in admiralty or any other judgment *in rem.* It is on this ground that it has been held that, as respects proceedings for the probate of wills, or on the administration of the estates of deceased persons, it is not necessary to appoint a guardian for minors interested in the estate. *In re Mousseau's Will,* 30 Minn. 202 (14 N. W. 887) ; *Huntsman* v. *Hooper,* 32 Minn. 163 (20 N. W. 127). There is no difference in principle between the case of persons in being who are under disability and persons yet unborn. The logic of counsel's argument would be equally applicable to any other decree or order of the probate court affecting the estate of the testator, as, for example, admitting his will to probate; and the result would be that nothing could ever be conclusively determined as to the estate of a deceased person, for

often it could not be positively assured that some person might not afterwards come into being who would be interested in the estate." *Ladd* v. *Weiskopf,* 62 Minn. 29 (64 N. W. 99, 69 L. R. A. 785).

The decree of the circuit court will be reversed, and one may be entered here quieting the title of plaintiff to the land in question as prayed for in the bill of complaint.    No costs will be allowed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.