## Case No. 17,614.

### WICKS v. ELLIS.

[Abb. Adm. 444.] [1]

District Court, S. D. New York.   Jan., 1849.

ADMIRALTY—RESPONDENT'S DISCHARGE FROM ARREST—SUIT BY MINOR—GUARDIAN AD LITEM.

1. A motion to discharge respondent from arrest, on the ground that the libellant has no legal cause of action against him, will not be granted where the affidavits read upon the motion in behalf of the respective parties, are contradictory as to the merits of the cause.

2. In an action by a minor to recover wages as seaman, the respondent is not entitled to require the appointment of a guardian ad litem or next friend for the libellant.

[Cited in The David Faust, Case No. 3,595; The State of New York, Id. 13,328; The Melissa, Id. 9,400.]

This was a libel in personam, by Daniel Wicks against John Ellis, to recover seamen's wages. The respondent now moved, upon affidavits, that he might be discharged from arrest, on the ground that the libellant had no legal cause of action against him; or that, if the suit were not dismissed, a guardian might be appointed for the libellant, and he be required to file security for costs, on the ground that he was not twenty-one years of age.

BETTS, District Judge. The first branch of the present motion cannot be granted, because it turns upon the merits of the cause, in respect to which the parties stand in direct contradiction as to the facts. The controversy between them cannot be disposed of summarily by the court upon ex parte affidavits. It must be determined upon proofs and upon a regular hearing.

The nonage of the libellant does not entitle the respondent, as of right, to the relief asked by the second branch of his motion. He must, at least, show that he may lose some advantage of defence or recovery (as of costs,) if the case is allowed to proceed to contestation in the name of the libellant alone. Admiralty courts allow a minor to recover in his own name wages earned in sea-service when the contract on which he sues was made personally with him, and it does not appear that he has any parent or guardian or master entitled to receive his earnings. In this case the libellant swears that he always makes his own contracts of hiring, and that he receives to himself the wages earned, and that there is no other person entitled to receive them. The respondent gives no evidence disproving these allegations; and it appears that the libellant is nineteen or twenty years old, accustomed to transact business for himself, and that he is not, therefore, to be presumed to require, from imbecility of age, the protection of a next friend or guardian to manage his suit. The libellant is also a privileged suitor, not under obligation to file a stipulation for costs; nor could his

prochein ami be required to do so. Dist. Ct. Rules, 45, and Add. Rule, April, 1847. There is, under these circumstances, no equitable ground laid for the interposition of the court to prevent the libellant from proceeding in his own behalf; and if the objection is foundation for legal defence to the action, the respondent must be put to his plea to the competency of the libellant. When, however, the action is for other causes than the recovery of wages, and security for costs must be given, admiralty courts conform to the course of practice prevailing in other courts in respect to parties disqualified from suing in their own rights. Betts' Adm. 18.

The motion is denied; but without costs as against the respondent. Order accordingly.