## Case No. 3,595.

### The DAVID FAUST.

[1 Ben. 183.][1]

District Court, S. D. New York. May Term, 1867.

SEAMEN'S WAGES — RIGHT OF MINOR TO SUE IN HIS OWN NAME — DISCHARGE OF SEAMAN — TIME TO COMMENCE SUIT FOR WAGES.

1. Where a minor whose parents were both dead, and who had no guardian, and had for five years been providing for himself and making his own contracts, shipped on a vessel for a voyage which was performed, and on her return left the vessel with the assent of the master before the cargo was discharged, and before the ten days after such discharge was completed commenced proceedings to recover his wages, by taking out a summons before a United States commissioner, on the return of which he no appeared, and the commissioner gave a certificate, and thereupon the libel was filed and process issued, whereupon the owners of the vessel moved to dismiss the libel on the ground that the libellant being a minor could not sue, but must bring his suit by guardian or next friend, and that the suit was prematurely brought, the ten days after the discharge of the vessel not having expired, *held*, that admiralty courts allow a minor to recover in his own name wages earned in sea service, when the contract on which he sues was made personally with him, and it does not appear that he has any parent or guardian or tutor entitled to receive them.

[Cited in The Melissa, Case No. 9,400; The Hattie Low, 14 Fed. 880. Followed in The Topsy, 44 Fed. 634.]

2. A suit in admiralty brought to recover wages before the time allowed in the sixth section of the act of 1790 [1 Stat. 133] has elapsed, is prematurely brought, and will be dismissed.

3. The fact of the libellant's discharge from the vessel need not be proved by direct evidence,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

but might be inferred from circumstances. The circumstances in this case showed that the libellant was discharged from the vessel.

[Cited in The Frank C. Barker, 19 Fed. 333.]

4. Where a seaman is discharged from a vessel, the discharge terminates the contract, and the provision for ten days' delay after the delivery of the cargo is released, and the seaman may proceed at once for his wages. The libellant's proceedings were, therefore, regular.

[Cited in Walsh v. The Louisiana; 4 Fed. 752.]

This case came up on a motion by the claimants of the schooner David Faust, to dismiss a libel against her, which was filed by David Bailey, to recover wages due him for services on board of her on a voyage from New York to Galveston and back. The motion was made and opposed on affidavits, the facts of which sufficiently appear in the opinion of the court.

Beebe, Dean & Donohue, for libellant.
A. J. Heath, for claimants.

BLATCHFORD, District Judge. This is a motion by the claimants to dismiss the libel, which is filed for seaman's wages, on the following grounds: (1) That the libellant is a minor, incapable of suing in this court; (2) that the suit, if maintainable, must be brought in the name of his guardian or next friend; (3) that the libel was filed before the vessel had completed the discharge of her cargo, and before a reasonable time therefor had elapsed.

The first and second objections are not well taken. Admiralty courts allow a minor to recover in his own name wages earned in sea service when the contract on which he sues was made personally with him, and it does not appear that he has any parent or guardian or tutor entitled to receive his earnings. Wicks v. Ellis [Case No. 17,614]; Larra v. The Henry Buck [Id. 8,094]; before Judge Betts, March, 1847. In the present case, it appears that the libellant is a native of Peru; that his parents have both of them been dead for five years; that he has no guardian, next friend or tutor, who has any care or control over him; that for the last five years he has been sailing as a seafaring man, and taking care of and providing for himself, and has during all that time made his own contracts and received his own money, and provided for himself; and that he personally made the contract on which the libel is founded. These facts, which are sworn to by the libellant, are not controverted. He is shown to be eighteen years of age, and, as he has been thus accustomed to transact business for himself, he is not presumed to require the protection of a next friend or guardian to manage the suit.

The objection that the libel was prematurely filed, is founded on the sixth section of the act of July 20, 1790 (1 Stat. 133). That section provides, that "as soon as the voyage is ended, and the cargo or ballast be fully discharged at the last port of delivery, every seaman or mariner shall be entitled to the wages which shall be then due according to his contract; and if such wages shall not be paid within ten days after such discharge, or if any dispute shall arise between the master and seamen or mariners touching the said wages," a summons may issue against the master to appear and show cause why process should not issue against the vessel according to the course of admiralty courts, to answer for the wages. If the master does not appear, or appearing does not show that the wages are paid or otherwise satisfied or forfeited, and if the matter in dispute is not forthwith settled, then, on a certificate of the officer issuing the summons that there is sufficient cause of complaint whereon to found admiralty process, the clerk is directed to issue process against the vessel, and the suit proceeds and judgment is given according to the course of admiralty courts in such cases. The same section provides that nothing contained in it shall prevent a seaman from maintaining an action at common law for the recovery of his wages, or from having immediate process out of any court having admiralty jurisdiction wherever any vessel may be found, in case she shall have left the port of delivery where her voyage ended before payment of the wages, or in case she shall be about to proceed to sea before the end of the ten days next after the delivery of her cargo or ballast. The present case does not fall within the provision for immediate process just recited. The libel avers that the libellant shipped in December, 1866, at New York, for a voyage to Galveston, Texas, and back to New York, as a mariner, at $35 a month, and signed shipping articles; that his service commenced on the 13th of December, 1866; that the vessel, with the libellant on board, went to Galveston and back to New York; that the libellant was discharged from the vessel on the 2d of May, 1867; that he performed his duty; and that a balance of wages of $122.16 is due to him, payment of which is refused by the master. The papers on this motion show that on the 9th of May, 1867, a United States commissioner issued a summons to the master and owners of the vessel requiring them to appear before him on the next day and show cause why process of attachment should not issue from this court against the vessel, according to the course of admiralty courts, to answer the claim of the libellant for mariner's wages. The summons was served by delivering it on the day it was issued to the chief mate on board of the vessel. On the return of the summons and proof of its service, no person appeared for the vessel, and the commissioner thereupon certified that there was sufficient cause of complaint whereon to found admiralty process in the matter. The libel was filed on the 10th of May, and process was issued upon it and served on the same day.

The affidavits on the part of the claimants show, that the vessel began to discharge her

cargo on the 3d of May, and finished on the 11th, and that the discharge was made with all. reasonable dispatch. In addition to the averment in the libel as to the discharge of the libellant, he swears, in his affidavit, on this motion, that he was discharged from the vessel before he left her. The master swears that the libellant left the vessel voluntarily on the 2d of May, without being discharged, but with the assent of him, the master.

The construction uniformly given to the sixth section of the act of 1790 has been that a suit in admiralty, commenced before the time limited by that section, is prematurely brought, and will be dismissed. The Martha [Case No. 9,144]. In the present case, it is insisted by the libellant, that the suit was not prematurely brought, for the reason that the libellant was discharged from the vessel, and it is contended that the provision of the statute requiring ten days to elapse after the discharge of the cargo, does not apply to a case where the seaman is discharged from the vessel. The first question, therefore, to be decided is, whether the libellant was discharged. He swears that he was. The master swears that he was not. But the master also swears that the libellant voluntarily left the vessel with the assent of him, the master. The mate merely swears that the libellant left the vessel immediately on her arrival back at New York. On these facts, certainly, the libellant did not leave the vessel without permission, and there is nothing in the affidavits on the part of the claimants to show that the libellant when he so left had not a right to regard himself as discharged. It is not pretended that the period of the libellant's absence was limited by the master, or that the master notified him to return when he left, or expected him to return, or made any provision on board of the vessel or elsewhere for his support until his wages should be payable, as was clearly the duty of the master on the theory that he was not discharged but merely absent on leave. The fact of a discharge need not be proved by direct evidence, but may be inferred from circumstances, and I must hold in this case that the libellant was discharged from the vessel.

It has always been held in this court, that where a seaman is discharged from a vessel after her arrival, either arbitrarily or with his assent, the discharge terminates the contract, and the provision for ten days' delay after the delivery of the cargo is released and the seaman may proceed at once for his wages. Betts' Adm. 61; The Cadmus [Case No. 2,280]. The ship master or ship owner may waive the statutory provision in regard to the ten days' delay, and is held to have done so in case he discharges a seaman without paying him his wages.

The proceedings on the part of the libellant were therefore regular, and the motion must be denied.