MELINE (McLEAN v.). See Case No. 8,890.

MELINE (McQUAIN v.). See Case No. 8,923.

## Case No. 9,400.

### The MELISSA.

[Brown, Adm. 476; [1] 6 Chi. Leg. News, 271.]

District Court, E. D. Michigan.  Feb., 1874.

SEAMEN—WAGES—STALE CLAIM—PLEADING—INFANCY—COSTS.

1. The defense of stale claim must be set up in the answer, and will not avail where the owner has retained a portion of the purchase money in his hands, and the suit is defended in the interest of the vendor.

[Cited in The Hercules, Case No. 6,400.]

2. A minor may recover for his wages where the contract was made personally with him, and it does not appear that he has any parent, guardian, or master entitled to receive his earnings.

3. Quaere, whether the defense of infancy can be made available otherwise than by a plea to the competency of libellant to sue in his own name?

4. Costs were awarded where the suit was defended in the interest of a former owner, though no demand had been made of the claimants.

Libel for wages. The libel was filed October 6, 1873, and is based upon a due bill for $44.75, for services as seaman in the season of 1871, bearing date June 3d of that year. The answer ignores the facts alleged as to the services rendered, and the giving of the due bill, and alleges the purchase of the scow in 1873 by the claimants; that the scow was within the jurisdiction of the court during the whole time between the giving of the due bill and the claimant's purchase, and therefore, as to them, libellant's claim has become stale, and is no longer a lien upon the vessel. No other defense is set up in the answer.

Jno. C. Donelly, for libellant.
L. S. Trowbridge, for claimants.

LONGYEAR, District Judge. In order to maintain the defense of stale claim it is necessary to allege and prove that the respondents are purchasers in good faith, for a valuable consideration, and without notice of the existence of the claim. The answer con-

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

tains none of these allegations. The defense set up might, therefore, be overruled, without further remark. But as proofs were taken as though the defense had been sufficiently alleged, the case will be considered briefly in view of what was proven. The proofs show that the claimants bought the vessel of one Brown, April 8, 1873, for $1,425, of which $600 was paid in cash, and the balance was secured by a mortgage on the vessel, to be paid in two years from that date, Brown to pay all claims then existing against the vessel; and that the claimants are defending this suit for and in the interest of Brown. There is no pretense that the claim of libellant was not good against the vessel in Brown's hands at the time of the sale by him to respondents; and, the suit being defended in fact by Brown, and the respondents having full protection by means of the balance of purchase money still unpaid, against any decree which may be made against the vessel, the defense set up is wholly untenable under the proofs. The proofs were all taken by deposition, and certain objections taken by respondents before the commissioner were insisted upon at the argument. The above facts, however, are all arrived at without resort to the testimony objected to, and for that reason the objections are not noticed.

Libellant was examined as a witness, and on his cross-examination it came out that when this suit was commenced he was, and that he still is a minor; that he was twenty years of age on the 18th day of November, 1873. He further testified that his father had been dead ten or twelve years, but that his mother was still living. On this proof it was contended, upon the argument, that the libel must be dismissed, for the reasons: (1) That libellant's mother was entitled to his earnings, and was the only person who could sue therefor; or (2) that if libellant could bring the suit, he could do so only by next friend. I think the objection comes too late. No such defense is set up in the answer; and I think it exceedingly doubtful, even if a legal defense, whether it could be made available otherwise than by a plea to the competency of the libellant to sue in his own name. Wicks v. Ellis [Case No. 17,614]. Even if a proper foundation had been laid, however, I do not think the defense would have been good in this case. The contract was made with libellant in person, payments were made to him, and the due bill for balance due him upon which this suit was founded, was given to him, and a payment made to him upon it, and the matter had lain upward of two years before the libel in this case was filed, and the mother nowhere appears as setting up any claim. Under these circumstances, I think she would be estopped from setting up a claim after the recovery against the vessel by libellant.

There is no rule in the admiralty courts requiring minors to sue by next friend. Their right to sue in the admiralty for wages has been fully recognized. Wicks v. Ellis [supra]; The David Faust [Case No. 3,595]; The Etna [Id. 4,542]. The general rule seems to be this: That a minor may recover in the admiralty for wages, where the contract was made personally with him, and it does not appear that he has any parent, guardian, or master entitled to receive his earnings. 2 Pars. Adm. 372, and note 3; Wicks v. Ellis and The David Faust, supra. And, in Wicks v. Ellis, on a motion by respondent to be discharged from arrest on the ground, among others, that the libellant was a minor, and no next friend had been appointed, &c., Judge Betts held that it could not be demanded as a matter of right, that a minor, suing in the admiralty for wages, should sue by next friend; and, also, that if his so doing in his own name, without the appointment of a next friend, was a legal defense in any case, the respondent must be put to his plea to the competency of the libellant.

Minors suing in admiralty for wages become peculiarly the wards of the court, and the court will go to the utmost limit consistent with the interests and rights of respondents in protecting and enforcing their rights. The Etna [supra]. In this case, the rights of the respondents can be in no manner jeopardized by a decree in favor of libellant, on account of any danger of having to pay the claim to the mother of the libellant, because, as has been already remarked, she must be held, in any suit she might bring for that purpose, by having permitted libellant to contract in his own name, to receive wages, and delayed so long to set up any claim on account of the balance here sued for, to have abandoned all claim thereto in her own right.

There is no dispute that the amount due libellant is the amount of the due bill, and interest from its date, less $10 paid June 8, 1872:

| | |
|---|---:|
| Due bill dated June 3. 1873........... | $44 75 |
| Interest to June 8, 1872—1 year 5 days. | 3 17 |
| | $47 92 |
| Paid June 8, 1872................... | 10 00 |
| | $37 92 |
| Interest from June 8. 1872, to date, February 23. 1874................. | 4 25 |
| Balance due libellant............. | $42 17 |

—And for which he must have a decree.

It was claimed, on the argument, that costs ought not to be awarded against respondents, because no demand had been made of them before the libel was filed. But, as we have seen, the respondents are fully protected, and the suit is defended in the interest of the former owner, Brown. So far as the question of costs is concerned, the case must be treated as though Brown was the responsible party respondent, and as against him the court has no hesitation in awarding costs.

Decree for libellant [for $42.17, and costs of suit to be taxed].[2]

---

[2] [From 6 Chi. Leg. News, 271.]