## THE HATTIE LOW.

*(District Court, S. D. New York.* December 21, 1889.)

1. SEAMAN'S WAGES—MINOR SON OF MASTER.
    A father is entitled to the earnings of a minor child who lives with him, and is under his governance, protection, and support.

2. SAME—LIEN DOES NOT ATTACH.
    Where a father agreed to run a vessel on shares, and to pay all the expenses of running her, and his minor son, being a member of his household and living on board as a member of the father's family, acted as mate, *held,* no lien against the vessel could, under such circumstances, be acquired by either the father or son, and the libel, therefore, was dismissed.

In Admiralty.

*Beebe, Wilcox & Hobbs,* for libelant.

*Samuel B. Caldwell,* for claimant.

BROWN, D. J. The libelant is shown by the evidence to have been a minor about 18 years of age, and during all the time he rendered the services as mate, for which this libel was filed, to have been a member of his father's household, who was master of the vessel and lived with all his family on board, and as such member was under his father's governance, protection, and support. The libelant was never employed by the owners, but by the father only. Whatever his father paid him in money, then or previously, under such circumstances, were voluntary payments; the father was legally entitled to his earnings, (*Plummer* v. *Webb,* 4 Mason, 382; *Luscom* v. *Osgood,* 1 Spr. 82; *Cutting* v. *Seabury,* Id. 522; *The David Faust,* 1 Ben. 183; 2 Pars. Shipp. & Adm. 371,) and no suit at law could have been maintained by the libelant against his father therefor. The father being, therefore, entitled to these services, and under his agreement with the owners being bound to pay all expenses in running the vessel on shares, no lien could arise against the vessel for the son's services so rendered. Action like that of the father in this case, in endeavoring to assist in fastening a lien upon the vessel under such circumstances, has been declared to be "committing a virtual fraud upon the owners." *The Columbus,* 5 Sawy. 487, 492; and see *The William Cook,* 12 FED. REP. 919.

For these reasons, in addition to those stated by the commissioner, the exceptions are overruled, and judgment ordered for the claimant.