## THE JOHN T. WILLIAMS.

(District Court, D. Connecticut.   March 4, 1901.)

1. ADMIRALTY—SEAMAN'S WAGES—LIEN—MINOR SON OF MASTER.

A 16 year old son of the captain of a schooner, employed thereon, is not entitled to a lien on the vessel for seaman's wages.

2. SAME—MATERIAL MEN—LIENS—PRIORITY—LACHES.

Where a material man entitled to a lien on a schooner for repairs permitted the vessel to depart from a port wherein he might have libeled it and perfected his lien, he is guilty of such laches as will entitle the liens of subsequent supply claimants to priority over his claim.

In Admiralty.

Alexander & Ash, for Hudgins, Hurst and Knowlton.
James J. Macklin, for Burtis.

TOWNSEND, District Judge. On exceptions to the report of the commissioner. The following claims were filed against the schooner John T. Williams: Devine F. Burtis, in August and September, 1898, for labor and materials in making repairs, $1,856.52; Robert W. Hudgins et al., from December, 1898, to March, 1899, for repairs, supplies, and towage, $647.17; Parker R. Knowlton, George Russell, Prossy Jones, William Moore, and H. D. Newberry, respectively, $25, $38.33, $9.75, $10, and $10.50, and interest on the whole, $3.74, for seaman's wages in June and July, 1899. The avails of the sale of the schooner amount to $2,200.

The commissioner finds, as to Knowlton, that he was only 16 years old, and a son of the captain, and is therefore not entitled to any claim for wages. This question is clearly within the case of The Hattie Low (D. C.) 14 Fed. 880, where the minor son of the master of the vessel lived on board said vessel with his father, and performed the services of mate, and it was held that neither the father nor the son had a lien against the vessel for wages for services performed by the son. The exception to the disallowance of this claim is overruled.

As to the claims of Burtis and Hudgins, the commissioner finds "that there were great laches on the part of Burtis, and that all the claims covered in the Hudgins' libel are entitled to full prior payment out of the avails before any allowance upon Burtis' claim." Between the time of the services rendered by Burtis and those of Hudgins the schooner was at the port of New York, where she might have been libeled by Burtis. Inasmuch as he has thus permitted the vessel, in the ordinary course of business, to become incumbered by liens for supplies subsequently furnished, without any attempt to enforce his lien, such lien should be postponed until the later claims are paid in full, where the fund is sufficient, in accordance with the familiar rule. "The whole object of giving admiralty process and priority of payment to privileged creditors is to furnish wings and legs to the vessel to get back for the benefit of all concerned; that is, to complete her voyage. In every case, the last lien given will supersede the preceding. * * * The vessel must get on; this is the consideration which controls every other." The St. Jago de Cuba, 9 Wheat. 416, 6 L. Ed. 122; The J. E. Rumbell, 148 U. S. 9, 13 Sup. Ct. 498, 37 L. Ed. 345. The commissioner, after finding the amount of the liens to be paid in full, finds a balance of about $1,188.32 payable to Burtis on his claim. The exceptions are overruled, and the report is accepted.