### In re CHAMORRA.

(District Court, N. D. California, S. D. May 17, 1924.)

No. 5720.

1. Aliens ⬨⟹62—Alien under 21 may not petition for nauralization.
   Alien under age of 21 may not petition for naturalization.
2. Citizens ⬨⟹8—Woman marrying alien forfeited citizenship, notwithstanding continuance of residence.
   Under Act March 2, 1907, § 3 (Comp. St. § 3960), any woman who married a foreigner took nationality of husband, and forfeited her citizenship, regardless of continued residence in this country.
3. Aliens ⬨⟹62—Woman marrying alien must come in under general naturaliza-tion laws, and cannot petition until she has reached 21 years of age.
   A woman marrying alien before the passage of Act. Sept. 22, 1922, §§ 2, 4 (Comp. St. Ann. Supp. 1923, §§ 4358b, 435Sc), can only be naturalized under general laws, with certain exceptions, and cannot petition for naturalization until she reaches age of 21.

In the matter of the petition of Dorothy Chamorra for naturaliza-tion. Petition denied, without prejudice.

Milton L. Schmitt, of San Francisco, Cal., for petitioner.
M. R. Bevington, of San Francisco, Cal., for the United States.

KERRIGAN, District Judge. In this case the petitioner, Dorothy Chamorra, on May 12, 1921, married a citizen of a foreign country. She is still the lawful wife of said foreigner, and since her marriage she has been continuously a resident of the city and county of San Francisco. Under the citizenship laws as they existed at the time of her marriage, petitioner lost her United States citizenship. Petitioner now seeks to be naturalized under the provisions of Act Sept. 22, 1922, c. 411, § 4 (Comp. Stat. Ann. Supp. 1923, § 4358c). Her petition is contested by the government representative on the ground that peti-tioner, being under the age of 21 years, is not entitled to petition for naturalization. Petitioner arrived at the age of 18 years, on Novem-ber 6, 1923, and filed her petition on December 27, 1923.

Two questions are thus presented for determination: First, whether any alien under the age of 21 is entitled to petition for naturalization;

⬨⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and, secondly, if the first question be answered in the negative, is petitioner, by reason of her native birth, in a different position than an applicant of foreign birth?

[1-3] I am convinced that an alien who has not reached the age of 21 may not petition for naturalization, even though he may file his declaration of intention upon reaching the age of 18. This has been the uniform practice of this court. Although it may seem harsh to classify a native-born applicant with one of foreign birth, I am of opinion that Congress has so done in the various statutes here applicable. Under Act March 2, 1907, c. 2534, § 3 (Comp. St. § 3960), in force at the time of petitioner's marriage, any woman who married a foreigner took the nationality of her husband and forfeited her citizenship, regardless of whether or not she continued to reside in this country. Mackenzie v. Hare, 239 U. S. 299, 36 Sup. Ct. 106, 60 L. Ed. 297, Ann. Cas. 1916E, 645. And it will be noted that Act Sept. 22, 1922, c. 411, § 4 (Comp. Stat. Ann. Supp. 1923, § 4358c), recognizes the fact that citizenship has been lost by providing that such person *"may be naturalized"* as provided by section 2 of the act (Comp. Stat. Ann. Supp. 1923, § 4358b).

Section 2 provides that *such a woman shall be naturalized upon full and complete compliance with all the requirements of the naturalization laws, with certain exceptions.* These exceptions are that no declaration of intent shall be required, and that one year of continuous residence within the United States shall be required, in lieu of the five-year period of residence ordinarily required. It is clear that Congress in the act of 1922, even though it took a more sympathetic attitude toward women who married foreigners, still recognized the fact that under the prior statutes such a marriage divested the woman of citizenship. The only privilege which Congress extended to such women was to come in under the general naturalization laws, subject to certain exceptions just noted, and, as I have above decided, one of these laws is that the petitioner shall have reached the age of 21 years.

For these reasons, I am constrained to deny the petition herein presented.