## Petition of FORTUNATO.

(District Court, D. Delaware.    September 28, 1925.)

No. 2502.

1. **Aliens ⬯61—Alien of either sex may be naturalized before reaching age of 21.**

Under Naturalization Act 1906, § 4 (Comp. St. § 4352), which permits an alien to make his declaration of intention "after he has reached the age of eighteen years," and to file a petition for naturalization "not less than two years nor more than seven years after he has made such declaration of intention," a minor, having duly made such declaration of intention, may petition for admission to citizenship at the expiration of 2 years thereafter, regardless of whether he or she is at that time 21 years of age, the statute having no reference to legal majority, and there is nothing to Act Sept. 22, 1922 (Comp. St. Ann. Supp. 1923, § 4358a et seq.), which prevents the application of these provisions to women.

2. **Aliens ⬯68—Minor alien may personally prosecute petition for naturalization.**

Under the naturalization statutes, a minor alien, having made declaration of intention after reaching the age of 18 years may, after the expiration of two years, though still a minor, prosecute a petition for admission to citizenship personally, without representation by a guardian or next friend.

Petition of Maria Fortunato to be admitted to citizenship. Granted.

John C. F. Gordon, District Director of Naturalization, for the United States.

MORRIS, District Judge. [1] Maria Fortunato, an alien, filed her petition in April last to be admitted to citizenship. Hearing was had thereon on the 14th day of the present month—September, 1925. At that hearing it appeared that the petitioner had complied with all the conditions precedent and that generally she was well qualified for citizenship. But it likewise appeared that the petitioner was born in December, 1904, and that she was not represented by a guardian or next friend. Thereupon the government took the position that an alien under 21 years of age is without capacity to make and file a valid petition for citizenship, and that, even if a petition filed by such person is not wholly void, it may be prosecuted only by a guardian or next friend, or by the petitioner after attaining her majority. It moved that the petition be dismissed, or, if it is not wholly void, that the prayer thereof be denied, unless and until the petition be prosecuted by a guardian or next friend of the minor, or by the petitioner after she shall have arrived at the age of 21 years.

The same or like questions have arisen from time to time under the various naturalization statutes passed by Congress in the exercise of its constitutional power, Article 1, § 8, " * * * to establish an uniform rule of naturalization." Under the statute of April, 1802, the Supreme Court of Massachusetts denied the petition of a minor to be admitted to citizenship on his own petition, but later, upon the petition of his guardian, the minor was naturalized. Petition of Le Forestiere, 2 Mass. 419. The court of common pleas of the state of Pennsylvania, in Re Petition of John Merry, 9 Wkly. Notes Cas. 169, while conceding that under the act of 1802 a minor might, upon the petition of his guardian or next friend, be admitted to citizenship, denied the existence of such right to a minor under the act of May, 1824. The Court of Errors of the state of New York, in Priest v. Cummings, 20 Wend. 338, while passing upon the validity of the admission to citizenship of a married woman under the act of 1824, said: "Femes covert and infants, if they have sufficient capacity to understand their rights and the nature and obligation of an oath, may be naturalized."

Judge Chatfield, passing upon the validity of a declaration of intention made by a minor, and referring to Rev. St. §§ 2165, 2167 (Comp. St. 1901, p. 1329), said that it had been universally held that final papers cannot be given to an alien applicant under 21. The rights of a minor under those sections of the Revised Statutes and the cases bearing thereon were considered at length in Re Symanowsski (C. C.) 168 F. 978, but only for the purpose of ascertaining the competency of a minor to make a declaration of intention thereunder. The right of a minor to petition for naturalization under the present law (Acts of June 29, 1906, and September 22, 1922 [Comp. St. Ann. Supp. 1923, § 4358a et seq.]) was denied in Re Chammorra, 298 F. 669, but affirmed by the Supreme Court of New York in Re Rousos, 119 N. Y. S. 34. I think the conclusion in the last-mentioned case and the reasons assigned therefor are sound. Naturalization is wholly a matter of statutory law or treaty regulation. United States v. Martorana, 171 F. 397, 96 C. C. A. 353.

The present basic statute is that of June 29, 1906 (34 Stat. 596). Section 4 of that act (Comp. St. § 4352) provides: "That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath * * * two years at least

prior to his admission, and after he has reached the age of eighteen years, that it is his bona fide intention to become a citizen of the United States. \* \* \* Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified. \* \* \* " The right and power conferred by that statute to petition for admission to citizenship at the expiration of two years from the date of the declaration of intention (the other statutory requirements having been met) is both uniform and general. Moreover, the language being clear and plain, there is no room for judicial construction and the statute must be taken to mean what it says. Adams Express Co. v. Kentucky, 238 U. S. 190, 199, 35 S. Ct. 824, 59 L. Ed. 1267, L. R. A. 1916C, 273, Ann. Cas. 1915D, 1167.

Consequently, as I view the matter, the courts are without right or power to ingraft upon the general language of the statute a limitation or condition that paragraph "second" of the statute above quoted shall be without effect unless the declarant is 21 years of age. That a person 20 years of age, possessed of all other requirements, may petition for and be admitted to citizenship, is not surprising. While it is true that at common law a person does not attain full majority until he or she arrives at the age of 21 years, yet it is obvious that the period of legal infancy or minority, in the absence of constitutional restrictions, is within the control of the Legislature, and that the age at which a person becomes sui juris with respect to any matter is within control of the legislative body having jurisdiction over that subject.

The period of legal incapacity or minority has been made, both by the common law and by statutes, shorter with respect to some matters than for others. Thus in certain instances, at common law and by statutes of certain states, a person has the right at the age of 14 to select his own guardian. At common law a boy of 14 and a girl of 12 could make a will of personal property. Holzman v. Wager, 114 Md. 322, 79 A. 205, Ann. Cas. 1912A, 619. In some of the states the right or capacity to make a will is fixed by statute at 18 years. Hatheway v. Smith, 79 Conn. 506, 65 A. 1058, 9 L. R. A. (N. S.) 310, 9 Ann. Cas. 99; Auld v. Cathro, 20 N. D. 461, 128 N. W. 1025, 32 L. R. A. (N. S.) 71, Ann. Cas. 1913A, 90. At the common law the marriage of a minor was valid without the consent of the parents. The age at which a person may make a valid contract of marriage is now regulated almost exclusively by statute. Many statutes fix a younger age than 21 years. There are many other exceptions to the general rule that a person is without legal capacity until he becomes 21 years of age, but it would serve no useful purpose to catalogue them here.

As the possession of political rights or the right to vote is not essential to citizenship (Minor v. Happersett, 21 Wall. 162, 22 L. Ed. 627; Lanz v. Randall, Fed. Cas. No. 8,080, 4 Dill. 425), there can be, I take it, no question with respect to the power of Congress to confer upon a person under 21 years of age the right to petition for and to obtain American citizenship. As the controlling statute enables a person 18 years of age to make a declaration of intention, and as that statute does not prescribe that only those upwards of 21 years of age may file their petition at the expiration of 2 years from the date of filing their declaration of intention, I am of the opinion that Maria Fortunato was fully competent, in law as in fact, to make and file her petition, and that the petition is valid.

[2] May the petitioner prosecute her petition, or must she be represented by a guardian or next friend, at least until she is 21 years of age? While it is true that infants are favorites of the law, and in order to protect them and preserve their best interests the law has placed them under particular disabilities, and that one of such disabilities is the necessity that an infant litigant should be properly represented by some one who may adequately enforce or protect his rights, yet it does not follow that a person under 21 years of age is in legal contemplation an infant or non sui juris, and consequently needing protection, with respect to all suits or proceedings, without regard to their character. Courts of admiralty have long recognized the rights of minors to prosecute suits for wages without being represented by guardian or next friend. Wicks v. Ellis, 29 Fed. Cas. 1146, No. 17,-614. The Melissa, 16 Fed. Cas. 1329, No. 9,400; The Etna, 8 Fed. Cas. 803, No. 4,542; The David Faust, 7 Fed. Cas. 18, No. 3,595. A representative need not be appointed in a probate court, if the statutes pertaining thereto do not require such appointment. Warren v. Pazolt, 203 Mass. 328, 89 N. E. 381; Calhoun v. Cracknell, 202 Mich. 430, 168 N. W. 547; Mousseau's Will, 30 Minn. 202, 14 N. W. 887. Likewise in some states

a person upwards of 14 years of age may petition in person and without the intervention of a representative for the appointment of a guardian. In re Rousos, supra.

Whether the present proceeding is one which may be prosecuted by the applicant in person, or only by a guardian or next friend of the applicant, must be determined by an examination of the naturalization statutes and the status of the applicant thereunder. As we have already seen, the petition for citizenship must be signed and verified by the applicant in person, and a person only 20 years of age has the same status in the matter of obtaining citizenship as a person who is of the full age of 21 years. Otherwise stated, the naturalization statute confers upon a person of 20 years of age full and complete capacity with respect to his naturalization.

For the reasons stated, I am of the opinion that the motion of the government must be denied, and the prayer of the petition granted.