## UNITED STATES v. STABILE.

Circuit Court of Appeals, Fifth Circuit.
January 30, 1928.

No. 5192.

Aliens ⊂⇒61—Minority is no bar to admission to citizenship (Naturalization Act 1906, § 4, subds. 1, 2 [8 USCA §§ 372, 373, 379]).

All statutory requirements being complied with, including Naturalization. Act 1906, § 4, subds. 1, 2 (8 USCA §§ 372, 373, 379), an alien is not debarred from admission to citizenship because not yet 21 years of age, and he may file petition in his own name.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

The United States appeals from an order admitting Beniamino Stabile to citizenship. Affirmed.

Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla. (William M. Gober, U. S. Atty., of Tampa, Fla., and Louis S. Joel, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal to reverse an order admitting appellee to citizenship. The undisputed facts are these: Petitioner was born October 20, 1906, at Polla, Italy, and arrived in the United States October 9, 1920. He filed his declaration to become a citizen of the United States December 24, 1924, at Miami, Fla. He was then approximately 18 years and 2 months of age, and had been in the United States over 4 years. He filed his petition for naturalization January 27, 1927, and was admitted to citizenship April 25, 1927, from which it is evident that his petition was filed more than 2 years after he made his declaration, but he was not yet 21 years of age at that time, nor on the date of his admission to citizenship. The Bureau of Naturalization objected to his admission, on the ground that he was not 21 years of age when his petition was filed, and therefore could not be admitted to citizenship, and, in the alternative, that, if he could legally file his petition, he could do so only through the intervention of a guardian or next friend. No other objection was urged to his admissibility. The sections of the Naturalization Law applicable to the case are as follows:

"Sec. 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise:

"First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States. * * *

"Second. Not less than two nor more than seven years after he has made such declaration of. intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified. * * * *"

Subdivisions 1 and 2, § 4, Act June 29, 1906 (34 Stat. pt. 1, p. 596 [8 USCA §§ 372, 373, 379]).

It is contended on behalf of appellant that the naturalization law must be construed as being limited by the general rule relating to suits at law or in equity by minors, and that, while no specific age limit is mentioned in the statute, it was the intention of Congress that the general law relative to the filing of suits of infants should govern, and the statute should be so construed. In support of this contention reliance is had upon the cases of In re Chamorra (D. C.) 298 F. 669, and In re Cordaro (D. C.) 246 F. 735, and the construction given the statute by the Department of Labor as evidenced by the following rule:

"Rule 5, subd. A, par. 1. Clerks of courts

exercising naturalization jurisdiction shall refuse to accept and file a petition for naturalization executed by an alien candidate for citizenship who is under 21 years of age at the time he executes such petition."

The authorities above cited are not persuasive, and we decline to follow them. Naturalization is purely a question of statute, and Congress can legislate as it sees fit. In our opinion the statute is too plain to require construction, and clearly permits a minor between the ages of 20 and 21 years to file his petition and be naturalized in due course before he reaches majority.

It can hardly be said that there is any general public policy of the United States applying the common-law disability of infants to proceedings for naturalization, in view of the fact that a minor 18 years of age may enlist in the army or navy without the consent of his parents or guardian, and the naturalization laws themselves permit soldiers and sailors who have served in the World War to become citizens without the necessity of filing a declaration at all, with no qualification as to age, and automatically naturalize minor children. See U. S. Code, tit. 10, c. 23, § 621. (10 USCA § 621); title 34, c. 2, § 161 (34 USCA § 161); title 8, c. 1, § 7 (8 USCA § 7); and chapter 9, § 392 (8 USCA § 392).

The same conclusion has been reached in the well-considered cases of In re Rousos, 119 N. Y. S. 34, a decision by the Supreme Court of New York, and Petition of Fortunato (D. C.) 8 F.(2d) 509, a decision by District Judge Morris. These decisions discuss the subject thoroughly, and we can do no better than refer to them with approval. With regard to the rule of the Department of Labor relied on it is sufficient to say that the functions of the department and the courts are separate and distinct, and there is no authority in the Secretary of Labor to make regulations that could be binding on the courts in the exercise of their judicial functions.

Affirmed.